WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Jose Salazar Martinez, | ) | |
| | ) | |
| Petitioner, | ) | No. 97-CR-00258 PHX RCB |
| | ) | |
| vs. | ) | O R D E R |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Currently pending before the court is a motion by petitioner
Jose Salazar Martinez, designated as a "Motion for Speedy Trial
and/or Disposition of All Indictments, Complaints, Warrants and/or
Detainer Hold[]" (doc. 27).  Petitioner is proceeding *pro se*.
Respondent, the United States of America ("the Government"),
opposes this motion because, as to one aspect, it is premature and
as to the other, the court lacks jurisdiction.

### ***Background***

On September 29, 1997, petitioner pled guilty to illegal re-
entry after deportation in this court.  Doc. 19.  He was sentenced
to 57 months incarceration to be followed by 36 months of

1   supervised release.  Doc. 20.  "While serving [that] sentence,

2   [petitioner] committed a new offense of conspiracy and possession

3   of contraband in prison."  Resp. (doc. 28) at 2.  Following a

4   guilty plea to that "new offense," petitioner was sentenced to 28

5   months imprisonment, to run consecutively with the prior 57 month

6   sentence for illegal re-entry.  Id.

7      After his release from custody, and one week after his

8   deportation, on approximately November 26, 2004, petitioner again

9   entered the United States illegally.  Id.  This time he entered in

10   New Mexico.  Thereafter, on December 1, 2005, the United States

11   District Court, District of New Mexico, sentenced petitioner to 77

12   months imprisonment, to be followed by 36 months supervised

13   release.  Mot. (doc. 27), attachment thereto (doc. 27-2) at 1.

14      Based upon that 2005 New Mexico conviction, on August 31,

15   2006, petitioner's probation officer filed a petition to revoke

16   supervised release in this court (doc. 25).  That same date, this

17   court ordered the issuance of a warrant of arrest (doc. 26).

18   However, because petitioner was in custody on the sentence imposed

19   by the New Mexico District Court, the warrant was lodged as a

20   detainer.  Resp. (doc. 28) at 2.  Petitioner's projected release

21   date on the New Mexico sentence is August 11, 2010.  Id.; see also

22   Mot. (doc. 27), attachment thereto (doc. 27-2) at 1.

23                    ***Discussion***

24      Petitioner entitles his motion, among other things, a "motion

25   for speedy trial[.]" Mot. (doc. 27) at 1.  The motion itself states

26   that petitioner is "requesting relief under [the] Writ of Habeas

27   Corpus[,]" however.  See id. at 2:2 and 5.  Petitioner is seeking

28   to have his "probation violation and *all* . . . prior Conviction[s]

1  [v]acated, [e]xpunged, and [i]nvalidated[.]"  Id. at 2:2-3

2  (emphasis added).  Although he refers to "all" convictions, careful

3  review of petitioner's motion shows that the only conviction which

4  he is challenging is based upon the December, 2005 plea agreement

5  and sentence in the New Mexico District Court.

6      Additionally, petitioner is seeking to have his "Warrant for

7  Violation of Probation . . . expunged, [v]acated and [i]nvalidated"

8  because allegedly it is unconstitutional.  Id. at 3, ¶ 10:25-27.

9  Evidently petitioner is referring to the arrest warrant lodged in

10 this court and based upon the "Petition to Revoke Supervised

11 Release."  Finally, petitioner is seeking to have his New Mexico

12 District Court sentence "run concurrent to his Federal Term[.]"[1]

13 Id. at 5.

14     The Government offers two separate bases for denying this

15 motion.  First, the Government asserts, in essence, that

16 petitioner's challenge to the arrest warrant is premature.  The

17 Government reasons that the need for a revocation hearing is not

18 triggered until the termination of petitioner's New Mexico

19 sentence, and after execution of the lodged arrest warrant for

20 supervised release violations.  Second, almost as an afterthought,

21 the Government adds that this court lacks jurisdiction to consider

22 petitioner's objections to his New Mexico sentence.  The court will

23 address the Government's arguments in reverse order.

24

25      [1]    The exact nature of this last request is unclear given that petitioner
   has already fully served the sentence imposed upon him by this court.  Moreover,
26 it appears that at this juncture the only sentence which petitioner is serving is
   the 77 month sentence imposed by the New Mexico District Court.  Thus, based upon
27 the record as presently constituted, there is no other sentence which  petitioner
   could be serving concurrently.  In any event, as more fully explained herein, to
28 the extent petitioner is challenging the manner, location, or conditions of his
   sentence, this court lacks jurisdiction to consider such claims.

*I. Conviction and Sentence*

Petitioner did not specify the statutory basis for this motion, although he broadly alleges that "his plea bargain, conviction and sentence were imposed unconstitutionally[,]" and he mentions the "writ of habeas corpus."  Mot. (doc. 27) See id. at 5; 2:2; and 2:5.  Therefore, the first issue is whether this motion is brought as a habeas corpus petition under 28 U.S.C. § 2241, or whether it is a motion to vacate, set aside or correct petitioner's sentence under 28 U.S.C. § 2255.  See Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000) ("[A] court must first determine whether a habeas petition is filed pursuant to § 2241 or § 2255 before proceeding to any other issue.").  This distinction is critical because not only does it affect the type of relief generally available, but it also affects whether a particular district court has jurisdiction to consider a given motion.  Id. at 865.

"As a general rule, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention."  Harrison v. Ollison, 519 F.3d 952, 955 (9th Cir.) (internal quotation marks and citation omitted), cert. denied, 129 S.Ct. 254, 172 L.Ed.2d 192 (2008).  "Section 2255 allows a federal prisoner claiming that his sentence was imposed 'in violation of the Constitution or laws of the United States' to 'move the *court which imposed the sentence* to vacate, set aside or correct the sentence.'"  Id. (quoting 28 U.S.C. § 2255) (emphasis added).  Section 2241 is the proper vehicle, however, for "petitions . . . challeng[ing] the manner, location, or conditions of a sentence's execution[.]"  Id. at 956 (internal quotation marks and citation

- 4 -

1  omitted).   Those petitions are heard "in the district court in

2  which the federal prisoner is confined[,]" as opposed to the

3  sentencing court.   See Houston v. Norwood, 2009 WL 605792, at *1

4  (C.D.Cal. March 6, 2009) (citing Hernandez, 204 F.3d at 865).

5       The bulk of plaintiff's motion pertains to his New Mexico

6  District Court conviction and sentence.   More specifically,

7  petitioner claims that he was "misled into pleading guilty" to an

8  unspecified lesser included offense in that court.   Mot. (doc. 27)

9  at 4.   Insofar as this court is able to discern, petitioner is

10 claiming that that plea agreement should have been amended to

11 reflect that he pled guilty to a class A misdemeanor.   See id. at

12 3:10-13.   Based upon the foregoing, petitioner explicitly asserts

13 that "his plea bargain, conviction and sentence were imposed

14 unconstitutionally."   Id. at 5.   Petitioner further claims

15 ineffective assistance of counsel during the guilty plea and

16 sentencing in the New Mexico District Court.   Id. at 4.

17      These issues relating to petitioner's New Mexico conviction

18 and sentence clearly "are within the scope of section 2255, and are

19 peculiarly within the competence of the sentencing court." See

20 Boyle v. Norwood, 2008 WL 761938, at *1 (C.D.Cal. March 14, 2008)

21 (citing United States v. Addonizio, 442 U.S. 178, 185, 99 S.Ct.

22 2235 (1979)).   Thus, because this Arizona District Court was not

23 the sentencing court, it lacks jurisdiction to consider this aspect

24 of petitioner's motion.   See id. at *2-*3 (Central District of

25 California Court lacked jurisdiction under section 2255 to consider

26 challenges to petitioner's conviction and sentence because he was

27 sentenced in the Middle District of Florida); see also Houston,

28 2009 WL 605792, at *2 (Central District of California Court lacked

jurisdiction to consider section 2255 challenges to the legality of
petitioner's conviction and sentence which were imposed in Eastern
District of Tennessee).  When, as here, a court finds that it lacks
jurisdiction over a section 2255 motion, it may dismiss that
motion.  <u>Boyle</u>, 2008 WL 761938, at *3 (citing <u>Tripati v. Henman</u>,
843 F.2d 1160, 1163 (9th Cir. 1988)).  "Alternatively," pursuant to
28 U.S.C. § 1631, "the district court may transfer the action to
any other court in which the action could have been brought, 'if
such a transfer is in the interest of justice.'" <u>Id.</u> (quoting
<u>Miller v. Hambrick</u>, 905 F.2d 259, 261-62 (9th Cir. 1990) (quoting,
in turn, 28 U.S.C. § 1631)) (other citation omitted).  Given the
"mandatory cast of section 1631's instructions[,]"[2] the court may
consider whether to transfer the present action even though, as
here, neither party is moving for a transfer under that statute.
<u>See Hays v. Postmaster General of the United States</u>, 868 F.2d 328,
338 (9th Cir. 1989) (internal quotation marks and citation
omitted).

    A transfer pursuant to section 1631 to cure jurisdictional
defects applies to section 2255 motions such as this.  <u>See</u>, <u>e.g.</u>,
<u>Ivy v. Wrigley</u>, 2009 WL 381993, at *3 (E.D.Cal. Feb. 13, 2009) (28
U.S.C. § 1163 governing transfers of civil actions to cure

---

    [2]    That statute, entitled "[t]ransfer to cure want of jurisdiction[,]"
states in relevant part as follows:

         Whenever a civil action is filed in a court . . . and
    that court finds that there is a want of jurisdiction,
    the court *shall*, if it is in the interest of justice,
    transfer such action . . . to any other such court in which
    the action . . . could have been brought at the time it was
    filed . . . , and the action . . . shall proceed as if it
    had been filed in . . . the court to which it is transferred on
    the date upon which it was actually filed .

28 U.S.C. § 1631 (West 2006) (emphasis added).

- 6 -

jurisdictional defects is proper statute to use for lack of
jurisdiction over a § 2255 motion).  A transfer is appropriate
under section 1631 "if three conditions are satisfied: (1) the
transferring court lacks jurisdiction; (2) the transferee court
could have exercised jurisdiction at the time the action was filed;
and (3) the transfer is in the interest of justice." Id. (citing
Cruz-Aguilera v. I.N.S., 245 F.3d 1070, 1074 (9th Cir. 2001)).

As just explained, this court -- the transferring court --
lacks jurisdiction to consider petitioner's section 2255 motion
because it was not the sentencing court.  Therefore, the first
criteria for a transfer pursuant to section 1631 easily is met
here.

Whether the second transfer criteria is met is not so readily
apparent, though, given the scant record before the court.  In
light of this court's finding that it lacks jurisdiction, and,
conversely, that the New Mexico District Court has jurisdiction,
this court "must consider whether the action would have been timely
if it had been filed in the proper forum on the date filed, and if
so, whether a transfer would be in the interest of justice." See
Hays, 868 F.2d at 331 (internal quotation marks and citation
omitted).  Section 2255(f)(1) supplies the applicable statute of
limitations here.  It requires the filing of a motion thereunder
within one year of the final judgment of conviction.  See 28 U.S.C.
§ 2255(f)(1).  The judgment of conviction in United States v.
Salazar Martinez, 2:05-CR-655-JCH (D.N.M.), was entered on December
12, 2005 (doc. 28).  Petitioner did not file an appeal from that
conviction.  It thus became final on December 12, 2005.  Petitioner
did not file the present motion until 2007, however.  There is

- 7 -

1  nothing in his motion indicating any reasons for delaying or

2  tolling the statute of limitations.  It thus appears that this

3  motion was filed well after the expiration of the statute of

4  limitations.  Hence, the transferee court, the New Mexico District

5  Court, could not have exercised jurisdiction when this action was

6  filed.  Accordingly, the second criteria for a section 1631

7  transfer is not met here.

8      "Normally transfer will be in the interest of justice because

9  normally dismissal of action that could be brought elsewhere is

10 time consuming and justice defeating."  Cruz-Aguilera, 245 F.3d at

11 1074.  In the present case, however, petitioner's section 2255

12 motion cannot "be brought elsewhere" because, as just explained the

13 transferee court lacks jurisdiction.  It necessarily follows then,

14 that a transfer to that court would not be in the interest of

15 justice.

16     For the reasons set forth above, to the extent petitioner is

17 challenging his 2005 New Mexico District Court conviction and

18 sentence, the court finds: (1) that he is seeking relief under 28

19 U.S.C. § 2255[3]; and (2) such claims must be dismissed for lack of

20

21     [3]   To be sure, under the "savings clause" or "escape hatch" of section
   2255, a federal prisoner may "file a habeas petition under § 2241 to challenge the
22 legality of a sentence when the prisoner's remedy under § 2255 is 'inadequate or
   ineffective to test the legality of his detention.'" Harrison, 519 F.3d at 956
   (quoting 28 U.S.C. § 2255) (other quotation marks and citations omitted).  "If a
23 prisoner's claims qualify for the escape hatch of § 2255, the prisoner may
   challenge the legality of a sentence through a § 2241 petition in the custodial
   court."  Id.  A petitioner "mak[ing] a claim of actual innocence," and that he
24 "has not had an unobstructed procedural shot at presenting that claim[]" may avail
   himself of section 2255's escape hatch.  Stephens v. Herrera, 464 F.3d 895, 898 (9th
25 Cir. 2006) (internal quotation marks and citations omitted).  Even if petitioner
   Salazar Martinez could avail himself of that escape hatch (a highly doubtful
26 proposition given the lack of a claim of actual innocence), this court would lack
   jurisdiction because petitioner is confined at a federal correctional institution
   in Sheridan, Oregon.  Therefore, even if the court were to construe petitioner's
27 motion as a section 2241 habeas petition, jurisdiction would be proper in the
   United States District Court, District of Oregon – not in this Arizona District
28 Court.

jurisdiction.

## *II.   Revocation Hearing*

The court's conclusion that it lacks jurisdiction over petitioner's section 2255 claims does not end the inquiry.  As mentioned at the outset, the second aspect of petitioner's motion, and the aspect which is the Government's focus, is the lone paragraph wherein petitioner "seeks to have his Warrant for Violation of Probation . . . expunged, [v]acated and [i]nvalidated[.]" Mot. (Doc. 27) at 3, ¶ 10:25-26.  Evidently petitioner seeks this relief because allegedly his New Mexico District Court sentence and conviction were unconstitutional.  <u>See</u> <u>id.</u>

Relying upon <u>Moody v. Daggett</u>, 429 U.S. 78, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976), the Government argues that petitioner is not entitled to a hearing on that warrant until after its execution, which, in turn, will not occur until after the completion of the sentence which he is currently serving.  Thus, the government contends that the court should deny this motion because, in essence, it is premature.

In <u>Moody</u>, an incarcerated federal parolee argued that he was entitled to a prompt revocation hearing upon the lodging of a detainer with prison officials.  The parolee argued that a delayed hearing violated his due process rights.  Disagreeing, the Supreme Court found that liberty interests sufficient to invoke due process rights were not implicated until execution of the warrant underlying the detainer.  Thus, the Supreme Court in <u>Moody</u> held that the ten year delay between the issuance and execution of the parole violation warrant was not unconstitutional.  <u>Id.</u> at 86, 97

- 9 -

1  S.Ct. 274.

2     In Powell v. U.S. Marshal Office, 2009 WL 839999 (E.D.Cal.

3  March 30, 2009), the court found that it did not have "habeas

4  jurisdiction" to consider a challenge to the legality of a "federal

5  detainer filed by the U.S. Marshal and alleging a violation of

6  federal probation." Id. at *3.  Heavily relying upon Moody, the

7  Powell court reasoned that the filing of a federal detainer while

8  petitioner was serving a state prison term for a state conviction

9  did "no more than to express the U.S. Government's 'intent to defer

10  consideration of [Petitioner's] parole [or probation] revocation to

11  a later time.'" Id. at *4 (quoting Moody, 429 U.S. at 87, 97 S.Ct.

12  274).  The filing of that federal detainer was not, the Powell

13  court pointed out, "a determination that Petitioner's parole or

14  probation will be revoked." Id.  Hence, "[b]ecause the 'prospect

15  of future incarceration' resulting from th[at] detainer [wa]s

16  uncertain and entirely speculative," the Powell court could not

17  "conclude that the detainer 'ha[d] any present or inevitable effect

18  upon' Petitioner's liberty interest." Id. (quoting Moody, 429 U.S.

19  at 87, 97 S.Ct. 274).

20     Based upon the foregoing, the Powell court held that insofar

21  as petitioner was "challeng[ing] the legality of the U.S. Marshal's

22  detainer charging a probation violation, [he] [wa]s not challenging

23  the . . . conviction for which he [wa]s presently confined, thus

24  depriving th[e] Court of habeas jurisdiction." Id.  The Powell

25  court further explained:

26         The Court has no habeas jurisdiction to entertain
           a challenge to *possible future* federal custody
27         that has yet to eventuate. . . .  Put another way,
           insofar as Petitioner's claims seeks relief from a
28         detainer that has yet to be executed, and relief

- 10 -

> from the outcome of a parole revocation proceeding
> yet to be conducted, his claims are premature.

Id. (citations omitted).  The court thus dismissed petitioner's writ of habeas corpus for lack of jurisdiction.

The court's reasoning in Powell applies with equal force here. Currently petitioner is serving a sentence on his New Mexico District Court conviction for re-entry of a deported alien previously convicted of an aggravated felony.  Mot., attachment thereto (doc. 27-2) at 1.  The subsequent arrest warrant issued by this court is based upon a petition to revoke supervised release arising out of that New Mexico conviction.  Doc. 25.  However, because that warrant has only been lodged as a detainer, and not yet executed upon, as in Powell, this court also lacks jurisdiction over this aspect of petitioner's motion.  Thus, albeit for different reasons, this court finds that it also does not have jurisdiction to consider petitioner's challenge to the lodged arrest warrant.  Accordingly, the court must dismiss this aspect of his motion as well.  Because the court has no jurisdiction over any aspect of this motion, the court denies petitioner's motion in its entirety.  The Government, therefore, is entitled to entry of judgment in its favor.

### III.  Certificate of Appealability

"In the event Petitioner appeals from this Court's judgment, and in the interests of conserving scarce resources that might be consumed drafting and reviewing a request for a certificate of appealability (COA) to this Court, the Court on its own initiative has evaluated the claims within the [motion] for suitability for the issue of a certificate of appealability."  Schackart v. Ryan,

2009 WL 692318, at *18 (D.Ariz. March 17, 2009) (citing, *inter alia*, 28 U.S.C. § 2253(c)).  In so doing, as explained below, the court finds that a COA should not issue here.

Rule 22(b) of the Federal Rules of Appellate Procedure provides that when an appeal is taken by a petitioner, the district judge who rendered the judgment "shall" either issue a COA or state the reasons why such a certificate should not issue.  Similarly, "28 U.S.C. § 2253(c)(1)(B), the provision concerning COA requirements for federal prisoners, explicitly states that a COA is required to appeal from any 'final order in a proceeding under section 2255.'" Wilson v. Belleque, 554 F.3d 816, 825 (9th Cir. 2009).  Section 2253(c)(2) mandates that a COA "under paragraph (1)" may issue "only" when petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253 (c)(2) (West 2006).  Here, the court is dismissing petitioner's motion "on procedural grounds – lack of jurisdiction – without addressing the merits of [his] constitutional claims."  See Fuentes v. U.S., 2008 WL 2388727, at *1 (D.Hawai'i 2008) (citing Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)).

For a procedural ruling such as this, "a COA will issue only if reasonable jurists could debate whether (1) the petition states a valid claim of the denial of a constitutional right and (2) the court's procedural ruling was correct." Schackart, 2009 WL 692318, at *18  Id. (citation omitted). "Section 2253 mandates that both showings be made . . . and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and

arguments." <u>Slack</u>, 529 U.S. at 485, 120 S.Ct. 1595).  "While the petitioner is not required to prove the merits of his case, he must demonstrate 'something more than the absence of frivolity or the existence of mere good faith on his . . . part." <u>Ferris v. Woodford</u>, 2009 WL 230133, at *1 (E.D.Cal. Jan. 30, 2009) (quoting <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 338, 123 S.Ct. 1029, 1040, 154 L.Ed.2d 931 (2003)).

In the present case, petitioner has not demonstrated that "something more."  Moreover, after reviewing the record in this case, albeit limited, the court finds that reasonable jurists would not find its procedural rulings on the lack of jurisdiction debatable or wrong.  Accordingly, the court declines to issue a certificate of appealability.  Petitioner is advised that this denial does not prevent him from requesting a COA directly from the Ninth Circuit Court of Appeals.  <u>See</u> Fed. R. App. P. 22(b); 28 U.S.C. § 2253(C)(1).

### *Conclusion*

For the reasons set forth above, IT IS HEREBY ORDERED that:

(1) Defendant/petitioner Jose Salazar Martinez' "Motion for Speedy Trial and/or Disposition of all Indictments, Complaints, Warrants and/or Detainer Hold[]" (doc. 27) is DENIED; and

(2) The court DECLINES to issue a certificate of appealability.

DATED this 23rd day of April, 2009.

_____
Robert C. Broomfield
Senior United States District Judge

Copies to counsel of record and petitioner *pro se*